IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
EDEOGOCHINEME AGBUGBA      *
                           *
         V.                *   CRIMINAL CASE NO. # RDB-14-0493
                           *
UNITED STATES              *
OF AMERICA                 *
                           *
     *  *  *  *  *  *  *
```

## MOTION TO SUPPRESS :: MOTION TO SUPPRESS

Here comes the Defendant, Edeogochineme Agbugba, proceeding pro se and in good faith, petitioning this Honorable Court by way of "Corpus Juris Secundum" and the colors invested and guaranteed by the 6th Amendment right to due process as quoted and interpreted in the United States Constitution. I, the Defendant, move to suppress evidence pursuant to "Federal Rules of Criminal Procedure 12(b)(6)".

In the United States District Courts of America, the standard is that federal law governs the admissibility of evidence in federal court. Over the past decade the question of illegal search and seizure has become a critical and repetitive topic in the Supreme Court,

(P.G. 1)

ESPECIALLY WHEN IT COMES TO SEARCHES OF CELL PHONES. IN 2014, THE SUPREME COURT RULED ON A MONUMENTAL CASE WHEN IT DECIDED "RILEY V. CALIFORNIA, 134 S.CT 2480 (2014) AND ALSO U.S. V. WURIE (2014)".

 IN BOTH CASES THE DEFENDANTS WERE ARRESTED AND HAD CELL PHONES TAKEN FROM THEIR PERSON. INVESTIGATING OFFICERS PROCEEDED TO SEARCH THE CELL PHONE OF THE DEFENDANTS WITHOUT A WARRANT, IN BOTH CASES. IN UNITED STATES V. WURIE (2014), AFTER A TRAFFIC STOP DEFENDANT WURIE WAS FOUND TO BE IN POSSESSION OF A FIREARM, WHICH RESULTED IN HIS ARREST. OFFICERS SEIZED THE DEFENDANT'S CELL PHONE AND BEGAN TO SEARCH IT'S CONTENT WITHOUT A VALID SEARCH WARRANT. THROUGH OUT THE COURSE OF THIS ILLEGAL SEARCH AND SEIZURES, OFFICERS NOTICED MULITIPLE TEXTS, TWEETS, PHOTOS AND FACE BOOK POSTINGS, THAT RESEMBLED GANG ACTIVITY. THIS ILLEGAL SEARCH GAVE BIRTH TO A SUBSEQUENT INVESTIGATION AND ADVENTUALLY AN INDICTMENT WITH ADDITIONAL CHARGES AGAINST DEFENDANT WURIE AND CO-COSPIRATORS. UPON WRIT OF CERTIORAM TO THE SUPREME COURT, THE CASE WAS REVERSED AND OVERTURNED BECAUSE OF A 4TH AMENDMENT VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHT. THE 4TH AMENDMENT WHICH GUARANTEES THAT ALL PEOPLE SHALL BE SECURE IN THEIR PERSONS, HOUSES, PAPERS AND EFFECTS. AGAINST UNREASONABLE SEARCH AND SEIZURES".

 NOW LET'S FAST FORWARD TO JUNE 17, 2014. THE DEFENDANT AND PETITIONER, EDEOGOCHINEME AGBUGBA, WAS ARREST AFTER LOCAL AND STATE TASK FORCE OFFICERS STORMED INTO HIS PLACE OF EMPLOYMENT, ACCUSING HIM

of accepting a package which turned out to be heroine, hidden in a dress. Upon execution of the arrest warrant, defendant Agbugba was detained and searched. A search revealed that the defendant was in possession of a cell phone that investigating officers confiscated from his pocket and began a very indepth and aggressive search of it's content.

The Supreme Court has long held, since the beginning of the whole social media boom! that there exist a thin line, between what constitutes as legal or illegal search of a cell phone. The court held that with the merger of technology, cell phones, began to hold and store information which was deemed very private, and should be extended and governed by the 4th Amendment, which basicly explains that:

"A person has a reasonable expectation of privacy, when he/she has a subjective expectation of privacy that society recognized as reasonable."
(California V. Greenwood, 486 U.S. 35).
(Katz V. U.S., 839 U.S. 347).

Also in United States V. Heckenkamp, 482 F.3d 1142, 1149 (9th Cir 2007), the court ruled that:

"A person generally has a reasonable expectation of privacy in the contents of their computers." So, taking into account the recent technology boom, cell phones, watches and even radios have become so advanced that the many files, apps, and internet capabilities of a computer lives inside of them.

(P.G. 3)

GOING BACK TO "RILEY V. CALIFORNIA, 134 S.CT 2480 (2014)", THE UNITED STATES SUPREME COURT UNANIMOUSLY HELD THAT THE POLICE OFFICERS GENERALLY COULD NOT, WITHOUT A WARRANT, SEARCH DIGITAL INFORMATION ON THE CELL PHONE SEIZED FROM DEFENDANTS AS INCIDENT TO THE DEFENDANT'S ARREST. WHILE OFFICERS COULD EXAMINE THE PHONE'S PHYSICAL ASPECTS TO ENSURE THAT THE PHONES WOULD NOT BE USED AS A WEAPONS. EVEN THE DIGITAL DATA STORED ON THE PHONES ITSELF COULD NOT BE USED AS A WEAPON TO HARM THE ARRESTING OFFICERS OR TO EFFECTUATE THE DEFENDANT'S ESCAPE. FURTHER, THE POTENTIAL FOR DESTRUCTION OF EVIDENCE BY REMOTE WIPING OR DATA ECRYPTION WAS NOT SHOWN TO BE PREVALENT AND COULD BE COUNTERED BY DISABLING THE PHONES. MOREOVER, THE IMMENSE STORAGE CAPACITY OF MODERN CELLPHONES IMPLICATED PRIVACY CONCERNS WITH REGARD TO THE EXTENT OF INFORMATION WHICH COULD BE ACCESSED ON THE PHONES.

> "THE UNITED STATES SUPREME COURT'S HOLDING, OF COURSE, IS NOT THAT THE INFORMATION ON A CELL-PHONE IS IMMUNE FROM SEARCH, IT IS INSTEAD THAT A WARRANT IS GENERALLY REQUIRED BEFORE SUCH A SEIZED INCIDENT TO ARREST. THE SUPREME COURT'S CASES HAVE HISTORICALLY RECOGNIZED THAT THE WARRANT REQUIREMENT IS AN IMPORTANT WORKING PART OF OUR MACHINERY OF GOVERNMENT, NOT MERELY AN INCONVENIENCE TO SOMEHOW "WEIGH" AGAINST THE CLAIMS OF POLICE EFFICIENT."
> — CHIEF JUSTICE ROBERTS.

(P.G. 4)

IN REFERENCE TO THE VALIDITY OF A SEARCH WARRANT, THE SUPREME COURT ALSO HOLD THE FOLLOWING VIEWS:

1) OFFICERS MUST GENERALLY SERVE A WARRANT BEFORE CONDUCTING A SEARCH OF DATA ON A CELL PHONE.
— CHIEF JUSTICE ROBERTS —

ALSO,
2) THE UNITED STATES SUPREME COURT'S ANSWER TO THE QUESTION OF WHAT POLICE MUST DO BEFORE SEARCHING A CELL PHONE SEIZED INCIDENT TO AN ARREST IS ACCORDINGLY SIMPLE!........ GET A WARRANT!
— CHIEF JUSTICE ROBERTS —

WHEN THE ARRESTING OFFICER SEIZED MR AGBUGBA'S CELL-PHONE AND ACCESSED HIS FACEBOOK ACCOUNT AND FOUND WHAT THEY DEEMED TO BE DAMAGING EVIDENCE AGAINST MR AGBUGBA AND AN UNINDICTED CO-COSPIRATOR. THIS WAS AN ILLEGAL SEARCH AND SEIZURE, BECAUSE A WARRANT TO SEARCH AGBUGBA'S PHONE WAS NOT ISSUED AT THE TIME OF HIS ARREST. AS A RESULT OF THE GOVERNMENT'S TASK FORCE OFFICERS, ALL EVIDENCE GAINED FROM DEFENDANT AGBUGBA CELL-PHONE AND FACEBOOK ACCOUNT SHOULD BE SUPPRESSED WITHOUT FURTHER DELAY.

## ★ CONCLUSION ★

FOR THE REASON SUBMITTED AND SET FORTH ON THE BEHAVE OF MR EDSOGOCHINEME AGBUGBA, IN THE ABOVE WRITTEN MOTION, ALL EVIDENCE SHOULD BE SUPPRESSED. OR AT THE LEAST, A HEARING SHOULD BE HELD IN AN OPEN COURT AND ON THE RECORD, TO ADEQUATELY

GIVE THE DEFENDANT A CHANCE TO BE HEARD AS TO EXACTLY WHAT OCCURED ON ~~[scribbled out]~~, JUNE 17, 2014.

RESPECTFULLY SUBMITTED,

SIGNATURE: *Edeogochineme*

EDEOGOCHINEME AGBUGBA
#2746548
CHESAPEAKE DETENTION FACILITY
401 E. MADISON STREET
BALTIMORE, MARYLAND
21202
24TH DAY OF FEB, 2015.

CC: ALAN R.L. BUSSARD (ATTORNEY)
101 E. CHESAPEAKE AVENUE SUITE 200
TOWSON, MARYLAND
21286

CC: CLERK OF COURT
101 W. LOMBARD ST
BALT, MD
21202

CC: OFFICE OF THE UNITED STATES ATTORNEY
36 SOUTH CHARLES STREET, 4TH FLOOR
BALTIMORE, MARYLAND
21201

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT ON THE 24TH DAY OF FEBRUARY 2015, A COPY OF THIS MOTION TO SUPPRESS, PURSUANT TO "FEDERAL RULES OF PROCEDURE 12(b)(a) WAS PLACED INSIDE OF A WHITE MAILING ENVELOPE, AND PAID FOR BY UNITED STATES POSTAGE STAMPS (FOREVER STAMP), AND GIVEN TO THE MAIL SYSTEM HERE AT CHESAPEAKE DETENTION CENTER FOR (LEGAL MAIL SERVICES). THE MAIL SHOULD BE DELIVERD BY UNITED STATES POSTAL SERVICE.

*[signature]*
SIGNATURE

EDEOGOCHINEME AGBUGBA
#274-6548
CHESAPEAKE DETENTION FACILITY
401 E. MADISON STREET
BALTIMORE, MARYLAND
21202

CC: ALAN R.L. BUSSARD (ATTORNEY)
101 E. CHESAPEAKE AVENUE SUITE 200
TOWSON, MARYLAND
21286

CC: CLERK OF COURT
101 W. LOMBARD ST
BALT, MD
21202

CC: OFFICE OF THE UNITED STATES ATTORNEY
36 SOUTH CHARLES STREET, 4TH FLOOR
BALTIMORE, MARYLAND
20201

EDEDOCHINEME ALBUGBA
#87746548
401 E. MADISON ST
BALTIMORE, MD
21202

LEGAL
MAIL

IN
CARE OF:

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
THE CLERK OF COURT
101 W. LOMBARD STREET
BALTIMORE, MD

FILED _____ ENTERED
LOGGED _____ RECEIVED

FEB 26 2015

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY